IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>                              Plaintiff,<br><br>            v.<br><br>MOTOROLA MOBILITY LLC and<br><br>MOTOROLA MOBILITY HOLDINGS LLC,<br><br>                              Defendants. | C.A. No.  17-01081-RGA<br><br>**JURY TRIAL DEMANDED** |

## PROPOSED PROTECTIVE ORDER

WHEREAS, Plaintiff Immersion Corporation and Defendants Motorola Mobility LLC and Motorola Mobility Holdings LLC (hereafter referred to as "the Parties") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be

designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except native files, deposition and hearing transcripts) for which such protection is sought.  The word "CONFIDENTIAL" shall be included in the title of designated native files.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2. With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

3.      A designation of Protected Material (*i.e.,* "CONFIDENTIAL," "RESTRICTED -

ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE")

may be made at any time.  Inadvertent or unintentional production of documents,

information or material that has not been designated as DESIGNATED MATERIAL shall

not be deemed a waiver in whole or in part of a claim for confidential treatment.   Any

party that inadvertently or unintentionally produces Protected Material without

designating it as DESIGNATED MATERIAL may request destruction of that Protected

Material by notifying the recipient(s), as soon as reasonably possible after the producing

Party becomes aware of the inadvertent or unintentional disclosure, and providing

replacement Protected Material that is properly designated.   The recipient(s) shall then

destroy all copies of the inadvertently or unintentionally produced Protected Materials and

any documents, information or material derived from or based thereon.

4.      "CONFIDENTIAL" documents, information and material may be disclosed only to the

following persons, except upon receipt of the prior written consent of the designating party,

upon order of the Court, or as set forth in paragraph 13 herein:

(a)      outside counsel of record in this Action for the Parties;

(b)      employees of such counsel assigned to and reasonably necessary to assist such
counsel in the litigation of this Action;

(c)      in-house counsel for the Parties who either have responsibility for making decisions
dealing directly with the litigation of this Action, or who are assisting outside
counsel in the litigation of this Action;

(d)      outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party
or an affiliate of a Party) retained for the purpose of this litigation, provided that:

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include
the outside consultant's or expert's direct reports and other support personnel, such that the
disclosure to a consultant or expert who employs others within his or her firm to help in his or
her analysis shall count as a disclosure to a single consultant or expert.

(1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party, at least ten (10) days before access to the Protected Material is to be given to that consultant, with a current curriculum vitae of the consultant or expert and a list of all other cases in or for which, during the previous four (4) years, the witness testified as an expert at trial or by deposition or was retained;[3]

(e)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(f)     the Court and its personnel.

5.     A Party shall designate documents, information or material as "CONFIDENTIAL" under this order only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

6.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any

---

[3] The producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting Party may initiate the Court's discovery dispute procedures within fifteen (15) days of such written notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

portion thereof except as may be reasonably necessary in the litigation of this Action.  Any

such copies, duplicates, extracts, summaries or descriptions shall be classified

DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

7.      To the extent a producing Party believes that certain Protected Material qualifying to be

designated CONFIDENTIAL is so sensitive that its dissemination deserves even further

limitation, the producing Party may designate such Protected Material "RESTRICTED --

ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer

source code and engineering specifications or schematics that define or describe software

algorithms, architecture, or structure in detail ("Source Code Material"), the producing

Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL

SOURCE CODE."

8.      For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY,

access to, and disclosure of, such Protected Material shall be limited to individuals listed

in paragraphs 4(a-b) and (d-f).

9.      For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE,

the following additional restrictions apply (in addition to those in Paragraph 8):

(a)     Access to a Party's Source Code Material shall be provided on a "stand-alone"
        computer (that is, the computer may not be linked to any network, including a
        local area network ("LAN"), an intranet, or the Internet). Additionally, except
        as provided in paragraph 9(k) below, the Parties' source code will be made
        available for inspection at an office of the producing Party's outside counsel or a
        mutually convenient location by agreement. The parties will promptly meet and
        confer in good faith in an effort to reach an agreement regarding any location
        (besides at an office of the producing Party's outside counsel) where each other's
        source code will be made available for inspection;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for
        such access to the stand-alone computers to normal business hours, which for
        purposes of this paragraph shall be 8:30 a.m. through 5:30 p.m. local time
        Monday-Friday, excluding holidays, or such other times to which the parties may

agree. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer outside of normal business hours. The Parties agree to cooperate in good faith as not to unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. The persons who will review Source Code Material on behalf of a receiving Party shall be named in writing to the producing Party at least five court days in advance of the first time that such person reviews such Source Code Material;

(c)    The receiving Party may request that commercially-available software tools be installed on a stand-alone computer to aid the receiving Party's review of the Source Code Material, provided, however, that (1) the receiving Party possesses an appropriate license to such software tools; and (2) such software tools are reasonably necessary for the receiving Party to perform its review of the producing Party's Source Code Material consistent with all of the protections herein.  The receiving Party must provide the producing Party with the CD or DVD (or links at which the producing Party may access it) containing such licensed software tools at least ten (10) days in advance of the date upon which the receiving Party wishes to have such software tool(s) available for use on the stand-alone computer. The producing Party shall have the burden to move the Court and show that a tool provided by the receiving Party is not a reasonable analysis tool appropriate for the type of Source Code Material. The producing Party shall not install any keystroke or other monitoring software on any stand-alone computer;

(d)    The producing Party will produce Source Code Material in native, computer searchable format, with the filenames and relative filepath structures as they exist in the ordinary course of business intact, on a stand-alone computer as described above. Minor changes to the source code structure from the native development environment caused by the collection process shall not be deemed a departure from this provision;

(e)    Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 4(e) above.  Each person authorized to access RESTRICTED CONFIDENTIAL SOURCE CODE may use a laptop computer for the sole purpose of typing notes related to source code review; provided, however, that said laptop has no picture taking or video recording capability, and provided further that, outside of the inspection, such notes are securely stored on the laptop by the receiving Party in a manner consistent with the provisions of this Order. No other electronic devices shall be permitted in the secure room, including but not limited to

laptops, floppy drives,  zip drives, cellular telephones, personal digital assistants, Blackberries, cameras, voice recorders, Dictaphones, or telephone jacks. Nor shall any non-electronic devices capable of similar functionality be permitted in the secure room. During review of RESTRICTED CONFIDENTIAL SOURCE CODE, the receiving party shall be entitled to take notes relating to the RESTRICTED CONFIDENTIAL SOURCE CODE but may not copy more than twenty (20) consecutive lines of the RESTRICTED CONFIDENTIAL SOURCE CODE into the notes. No copies of all or any portion of the RESTRICTED CONFIDENTIAL SOURCE CODE may leave the room in which the RESTRICTED CONFIDENTIAL SOURCE CODE is inspected except as otherwise provided herein. Further, no other written electronic record of the RESTRICTED CONFIDENTIAL SOURCE CODE is permitted except as otherwise provided herein. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted  Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Except as set forth in paragraph 9(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)     The receiving Party may request paper copies of limited portions of Source Code Material that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the Source Code Material other than electronically as set forth above in the first instance. A request for a paper copy comprising the following amounts of Source Code Material shall be presumed to be excessive, and the burden shall be on the receiving Party to demonstrate the need for such requested paper copy:  (1) an amount that would cause the receiving Party to be in possession of more than five hundred (500) total pages of the producing Party's Source Code Material or (2) two-hundred (200) consecutive lines of the producing Party's Source Code Material; but portions of the producing Party's Source Code Material that were not authored by or for the Producing Party (e.g., portions written by Google) shall not count towards these limits. The receiving party must receive permission from the

producing Party to print additional pages.  Permission by the Producing Party cannot be unreasonably withheld.  The producing Party shall provide all such Source Code Material in paper form including bates numbers within five court days of the receiving Party's request, subject to subsection (i) below.  If the producing Party objects that the printed portions are excessive and/or not done for a permitted purpose, the producing Party shall object in writing to the receiving Party before the end of the next business day. The parties shall meet and confer within two (2) business day of any such objection. If after meeting and conferring the Producing Party and the receiving Party cannot resolve the objection, the objections may be submitted to the Court for resolution within three (3) business days of the meet and confer. Unless presumed to be excessive, as defined above, the producing Party shall have the burden to move the Court and show that the printed portions are excessive and/or not done for a permitted purpose. Contested source code printouts need not be produced to the receiving Party until the matter is resolved by agreement or Court order, provided however that the producing Party's failure to submit its objections to the Court for resolution within the time prescribed above shall be deemed a waiver of those objections, and the requested printouts must be provided within four (4) business days of the meet and confer. Otherwise, the producing Party shall provide copies of all printouts within three (3) business days of printing.

(i)     The receiving Party shall not create any electronic copies or images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, and shall not make additional paper copies, except that the receiving Party may make such copies or images if they are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report); (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Such copies or images shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 9(e) above to another person authorized under paragraph 9(e) above, on paper via hand carry, Federal Express or other similarly reliable courier.  Source Code Material

may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Any paper copies used during a deposition shall be retrieved by the receiving Party at the end of each day for secured storage in accordance with the provisions of this order and must not be given to or left with a court reporter or any other unauthorized individual. The producing Party shall, on request, make a secure laptop computer containing the Source Code Material available at depositions of witnesses who would otherwise be permitted access to the standalone computers. The receiving Party shall make such requests ten (10) calendar days before the deposition. A producing Party shall make reasonable efforts to comply with such a request made less than ten (10) calendar days before a deposition, provided the request is made in good faith and could not reasonably under the circumstances have been made sooner.

(l)     All access to the stand-alone source code computer shall be maintained by the producing Party on a Source Code Access Log identifying, for each and every time any Source Code is viewed, accessed, or analyzed: (1) the name of the person who accessed the code; (2) the date and time (time in and time out) of access; (3) the length of time of access; and (4) the Bates numbers of any copy of any paper (non-electronic) copies of any portion of the code that were produced.

10.     Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED -- ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other

affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any

patent application pertaining to the field of invention of the patent-in-suit.  Nothing in this

paragraph bars an attorney representing a Party from assisting with any post-grant review

proceedings—specifically post-grant review, covered business method review, *inter*

*partes* review, *ex parte* reexamination, or *inter partes* reexamination—provided that they

do not rely upon or use the other party's confidential information in those proceedings.

The Parties agree to this provision based on the current rules and practices of the U.S.

Patent Office. To the extent the U.S. Patent Office's rules or practices are altered to

change the scope of allowable amendment during post-grant review proceedings, the

Parties agree to meet and confer in good faith in an attempt to agree on appropriate

changes to this provision.  In the event that the Parties are not able to agree on

appropriate changes to this provision, the Parties will timely present the dispute to the

Court.

11.   The production or disclosure of any information (including documents) in this action that

a producing Party later claims should not have been produced due to a privilege or

protection from discovery, including but not limited to any attorney-client privilege, work

product privilege, joint defense privilege, or settlement privilege, shall not be deemed to

waive any such privilege or protection.  A producing Party may request the return or

destruction of such information, which request shall identify the information and the basis

for requesting its return.  If a receiving Party receives information that the receiving Party

believes may be subject to a claim of privilege or protection from discovery, the receiving

Party shall promptly identify the information to the producing Party.  When a producing

Party identifies such information as privileged or protected, a receiving Party: 1) shall not

use, and shall immediately cease any prior use of, such information, including to assess or challenge the assertion of privilege; 2) shall take reasonable steps to retrieve the information from others to which the receiving Party disclosed the information; 3) shall within three (3) business days of the producing Party's request return to the producing Party or destroy the information and destroy all copies thereof; and 4) shall confirm to the producing Party the destruction under 3) above of all copies of the information not returned to the producing Party. No one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived. Within five (5) business days after providing notice of the disclosure of information over which privilege has been asserted, the producing Party shall provide a log that describes the basis for the claim that the information is privileged or otherwise protected from disclosure. Within five (5) business days thereafter, a Party disputing a claim of privilege shall provide in writing the identification of the information for which it questions the claim of privilege and the reasons (including legal support) for its assertion that the information is not privileged, or that any privilege has been waived by some act other than production. Within three (3) business days thereafter, the Parties shall meet and confer in good faith as to the claims of privilege. Within five (5) business days after the meet and confer, and not thereafter, the receiving Party may initiate the Court's discovery dispute procedures to compel the production of the information. Notwithstanding this provision, no party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

12.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under

this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

13.   Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 8 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

14.   Subject to the Court's procedures regarding the sealing and redaction of hearing transcripts, Parties may, at the deposition or hearing or within thirty (30) days after receipt  of  a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES

ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.

Access to the deposition or hearing transcript so designated shall be limited in accordance

with the terms of this Order.   Until expiration of the 30-day period, the entire deposition

or hearing transcript shall be treated as "CONFIDENTIAL."

15.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and

shall remain under seal until further order of the Court.  The filing party shall be responsible

for informing the Clerk of the Court that the filing should be sealed and for placing the

legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" within the

caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to

the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court,

or an exhibit thereto, discloses or relies on confidential documents, information or material,

such confidential portions shall be redacted to the extent necessary and the pleading or

exhibit filed publicly with the Court.

16.     The Order applies to pretrial discovery.  Any use of DESIGNATED MATERIAL at trial

shall be governed by a separate agreement or order.

17.     A Party may request in writing to the other Party that the designation given to any

DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not

agree to re-designation within ten (10) days of receipt of the written request, the

requesting Party may initiate the Court's discovery dispute procedures for relief.  Upon

any such application to the Court, the burden shall be on the designating Party to show

why its classification is proper.  Such application shall be subject to Federal Rule of Civil

Procedure 37's provisions relating to sanctions.  In making such application, the

requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court

shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

18.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

19.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by, and to receive the protections afforded a Party, under this Order, including by designating documents or other discovery materials "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

20.      During the course of this Action, a Party may be obligated to produce documents, information, or things in its possession, custody, or control, but subject to contractual or other obligations of confidentiality owed to a Third Party. The Party subject to this contractual or other obligation of confidentiality shall notify the Third Party within five (5) business days of the entry of this Order[4] that the notifying Party is obligated to produce such documents, information, or things in accordance with the terms of this

---

[4] If in good faith a Party later discovers that additional third party notices are necessary, that Party shall promptly notify all other Parties and, within five business days, notify the Third Party as described herein.

Order. If the Third Party does not file a motion with this Court asking for protection within three weeks of receiving such notice, then the notifying Party shall produce the materials in accordance with the terms of this Order.

21.     Within sixty (60) days after the later of:  1) dismissal of all claims and defenses in this action, with or without prejudice; or 2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, each Party must return all materials designated by any other producing Party under this Order to the producing Party, or destroy such material, including all copies thereof, and provide to the producing Party a written certification of compliance with this provision.  Notwithstanding this provision, outside counsel for a party or non-party are entitled to retain archival copies of all pleadings, filings, or other similar documents served by or on any party, trial, deposition, and hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, and exhibits to any of these materials, even if such materials reflect materials designated under this Order. Notwithstanding this provision, no Party shall be required to return or destroy any materials designated under this Order that may exist on any disaster recovery backup system. Any such archival and/or backup copies of materials designated under this Order shall remain subject to the provisions of this Order.

22.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude initiation of the Court's discovery dispute procedures at a later date seeking to impose such

designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

23. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may seek such relief through the Court's discovery dispute procedures as may be appropriate in the circumstances. Pending resolution of the dispute by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

24. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

25. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

26. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on

whether that information should be disclosed.

27.    Each of the Parties shall also retain the right to initiate the Court's discovery dispute procedures (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

Dated: January 23, 2018

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Samantha G. Wilson
_____

Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com

OF COUNSEL:

Bryan Wilson
Marc David Peters
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
(650) 813-5603
bwilson@mofo.com
mdpeters@mofo.com

Richard S. J. Hung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7602
rhung@mofo.com


*Attorneys for Plaintiff*
*Immersion Corporation*

DLA PIPER LLP

/s/ Denise S. Kraft
_____

Denise S. Kraft (No. 2778)
Brian A. Biggs (No. 5591)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
(302) 468-5700
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com

Sean C. Cunningham
Erin P. Gibson
401 B Street, Suite 1700
San Diego, CA 92101-4297
 (619) 699-2700
sean.cunningham@dlapiper.com
erin.gibson@dlapiper.com

Brian K. Erickson
Jeff R. Cole
401 Congress Avenue, Suite 2500
Austin, Texas 78701-3799
(512) 457-7000
brian.erickson@dlapiper.com
jeff.cole@dlapiper.com

Amy H. Walters
2000 University Avenue
East Palo Alto, CA 94303-2214
(650) 833-2000
amy.walters@dlapiper.com

Andrew N. Stein
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4000
andrew.stein@dlapiper.com

*Attorneys for Defendants Motorola Mobility*
*LLC and Motorola Mobility Holdings, Inc.*

SO ORDERED this  _____ day of January, 2018.


_____
The Honorable Richard G. Andrews

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

IMMERSION CORPORATION,

                    Plaintiff,

          v.

MOTOROLA MOBILITY LLC and

MOTOROLA MOBILITY HOLDINGS LLC,

                    Defendants.

C.A. No.  17-01081-RGA

**JURY TRIAL DEMANDED**

## APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.    My address is _____.

      My current employer is _____.

      My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and

understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

will not disclose to anyone not qualified under the Protective Order, and will use only for

purposes of this action any information designated as "CONFIDENTIAL,"

"RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things

designated as  "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY,"

or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession,

and all documents and things that I have prepared relating thereto, to the outside counsel

for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _